IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIRGIL L. STRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-1061-WKW-WC |
| ) | LEAD CASE |
| THE HWASHIN AMERICA ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Hwashin America Corporation's Motion to Dismiss for Failure to Prosecute (Doc. 38), in which it seeks dismissal pursuant to Federal Rules of Civil Procedure 37 and 41.  On October 16, 2014, Plaintiff, proceeding *pro se*, filed two Complaints alleging that his employment was terminated due to unlawful discrimination based upon his age, race, and criminal background.  *See* Compl. (Doc. 1), *Strong v. Manpower Group*, Civ. Case No. 2:14-cv-1061-WKW-WC; Compl. (Doc. 1), *Strong v. The Hwashin America Corp.*, Civ. Case No. 2:14-cv-1062-WKW-WC.  One complaint was against the Hwashin America Corporation ("Defendant") and the other named Manpower US Inc.[1] ("Manpower") as defendant.  The cases were consolidated into a single action, Order (Doc. 7) at 1, and the District Judge referred the consolidated case to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate."  Order (Doc. 5).  On June 30, 2015, the court

---

[1] The complaint actually named Manpower Group as the defendant, but Plaintiff later sought and was granted leave to amend the name of the party to Manpower US Inc.  *See* Mot. (Doc. 32); Order (Doc. 33).

was informed that Manpower and Plaintiff had reached a settlement agreement, (Doc. 36), and thus Manpower was dismissed from the case.  Order (Doc. 37) at 1.  Accordingly, the only remaining claims are against Defendant, who seeks dismissal based on Plaintiff's failure to prosecute.  After a review of Defendant's Motion to Dismiss, and for the reasons that follow, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (Doc. 38) be GRANTED.

I.      BACKGROUND

In the Motion to Dismiss for Failure to Prosecute, Defendant informed the court that, to date, Plaintiff has failed to serve any initial disclosures, has not fully responded to Interrogatories, has failed to provide or make available documents which are responsive to Requests for Production, has moved to a new residence without notifying the court or Defendant, and has failed to attend *two* properly-noticed depositions.  Def.'s Mot. (Doc. 38) at 1-5.  Plaintiff has also failed, on numerous occasions, to respond when Defendant has contacted Plaintiff regarding the deficiencies in the discovery materials.  *Id.* at 3, 4.

After reviewing the Motion to Dismiss, the undersigned ordered Plaintiff to show cause as to why the motion should not be granted.  Order (Doc. 39) at 1.  The time for Plaintiff to show cause expired on August 24, 2015.  Plaintiff has yet to file any response to the undersigned's order.  Additionally, the undersigned set the matter for a hearing to be held on August 26, 2015.  Order (Doc. 39) at 1.  Although Plaintiff did not object to the date or time set for the hearing, Plaintiff failed to appear.

At the hearing on the matter, Defendant informed the court that the last confirmed communications between Defendant and Plaintiff occurred on June 30, 2015.[2] On that day, Plaintiff requested that the second attempt at his deposition be set for July 31, 2015—yet, for the second time, as mentioned above, Plaintiff failed to appear at his properly-noticed deposition.

## II.  DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure expressly "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

> The district court possesses the inherent power to police its docket. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a party's complaint "[f]or failure . . . to prosecute or to comply with . . . any order of court." But dismissal under Fed. R. Civ. P. 41(b) is appropriate only if "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K. Agencies Ltd.*, 432 F.3d at 1339; *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (reciting two-pronged test for dismissal); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (same); *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) (same).

*Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007).

---

[2] Notably, on June 30, the same day Defendant last heard from Plaintiff, the court was informed that Manpower had reached a settlement with Plaintiff and sought to be dismissed from the case. *See* Stipulation of Dismissal (Doc. 36) at 1.

3

Additionally, Rule 37 of the Federal Rules of Civil Procedure authorizes the court to issue various sanctions, including dismissal, based on a party's failure to make disclosures or cooperate in discovery.

> Fed. R. Civ. P. 37(b)(2)(C) authorizes a district court to dismiss an action if a party "fails to obey an order to provide or permit discovery." Rule 37(d) authorizes the same if a party fails to appear for properly noticed deposition.
>
> While disfavored, "dismissal . . . may be appropriate when plaintiff's recalcitrance is due to [willfulness], bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). There is a "need for a strict adherence to Rule 37 so as to prevent parties from 'flouting discovery orders.'" *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (quoting *National Hockey League, et al. v. Metropolitan Hockey Club, Inc., et al.*, 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)).

*Reed v. Fulton Cnty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006).

The undersigned concludes this case should be dismissed for failure to prosecute and for failure to provide or permit discovery, as Plaintiff has been engaging in a clear pattern of willful contempt and lesser sanctions would not suffice. Plaintiff was previously warned that his failure to comply with court orders would result in the recommendation that his case be dismissed. Order (Doc. 8) (warning Plaintiff that failing to comply with the court's order "***will result in this court's recommendation that this case be dismissed***"); order (Doc. 10) (warning Plaintiff "***that if he fails to respond, the court will have no choice but to recommend this case be dismissed for failure to prosecute and abandonment of claims***"). Despite the prior warnings, Plaintiff has failed to cooperate in the discovery process—failing to turn over initial disclosures, failing to respond fully to interrogatories and requests for production, and twice failing to appear at

4

his own deposition—and has utterly ignored the court's order (Doc. 39) to show cause and to appear for a hearing.

The undersigned has reviewed the case to determine whether a measure less drastic than dismissal is appropriate. After such review, the undersigned finds dismissal is the proper course of action. Plaintiff is an indigent individual. The imposition of monetary or other punitive sanctions against him would be ineffectual. Plaintiff's utter inaction in this case following the settlement received by Manpower suggests he does not seek to proceed with this case against Defendant. It therefore appears that any additional effort by this court to secure his compliance would be unavailing.

Consequently, the undersigned concludes that Plaintiff's abandonment of his claims and his failure to comply, both with his discovery obligation and orders of the court, warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

## II.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 38) be GRANTED and this case be dismissed.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 17, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of September, 2015.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE